612 So.2d 232 (1992)
STATE of Louisiana
v.
Louis CLARK, a/k/a Ronald Reed.
No. 91-KA-1718.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
Harry F. Connick, Dist. Atty., Elizabeth Revere, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Louis Clark.
Before KLEES, LOBRANO and JONES, JJ.
KLEES, Judge.
The appellant was charged with possession of phencyclidine. He was arraigned on January 19, 1990 and pled not guilty. A six-member jury found him guilty as charged, and sentenced him on August 17, 1990, to serve two years at hard labor.[1]
FACTS:
Shortly after midnight on December 5, 1989, Lt. Van Dalen and Sgts. Jones and Beaudoin of the New Orleans Police Department were on patrol on Willow Street. As they neared Toledano Street, they saw the defendant Louis Clark walking across the street. From the illumination of the car's lights, Lt. Van Dalen saw a tinfoilwrapped *233 cigarette in Clark's hand, which from his experience he believed may have contained a marijuana cigarette soaked in PCP.[2] Clark continued across the street and entered a Cutlass parked at the curb. Lt. Van Dalen stopped the police car parallel to and behind the Cutlass. The officers exited their car, walked to the Cutlass, and asked Clark to get out of the car. Clark opened the door but took some time actually exiting. The officers repeated their order, and Clark dropped his hand out of the car and tossed something shiny under the car. He then got out of the car. The officers looked under the car and retrieved a tinfoil-wrapped cigarette which was found to contain marijuana soaked in PCP. The officers then placed Clark under arrest, at which time he gave them the name "Ronald Reed".
Louis Clark testified that he had just left his aunt's house and had entered his car when a police car stopped next to his car. He testified that the officers ordered him out of the car, placed a gun to his side, and searched him and his car. He denied possessing the handrolled cigarette or even knowing that it was under the car. He also denied telling the officers that his name was "Ronald Reed".
Errors Patent
A review of the record for errors patent reveals that the trial court erred by imposing an illegally lenient sentence. The appellant was convicted of possession of phencyclidine. R.S. 40:966, as it existed at the time of the commission of this crime, provided (and still provides) that the sentence for a conviction for possession of phencyclidine must be at least five but not more than thirty years with or without hard labor. Here, the appellant was sentenced to serve two years at hard labor. Thus, the sentence is illegally lenient. However, as per State v. Fraser, 484 So.2d 122 (La.1986), this court cannot correct any errors patent favorable to the defendant.
There are no other errors patent.
Assignment of Error
By his sole assignment of error, the appellant contends the trial court erred by denying his motion to suppress the evidence. He argues that his detention was not justified because the officers did not have reasonable suspicion of criminal activity to stop him.
The contraband was seized when the appellant abandoned it after being stopped by the officers and ordered to get out of his car. It has long been held that property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. However:
if ... property is abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights.
State v. Belton, 441 So.2d 1195, 1199 (La. 1983), cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The authorization for a temporary stop by a police officer of a person in a public place is set forth in C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990); State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986), writ den. 488 So.2d 197 (1986). As this court noted in Johnson:
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, supra. *234 Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, at 1033.
Here, the appellant argues that the officers were not justified in stopping him because they could not be sure that the cigarette contained contraband. In support, he cites State v. Varnall, 410 So.2d 1108 (La. 1982) and State v. Davis, 359 So.2d 986 (La.1978), where the Supreme Court found that an investigatory stop was not warranted when the officers saw the defendant smoking a handrolled cigarette. In each of those cases, the Court found that because the officers could not be sure that the cigarette contained regular tobacco, the stop of the defendant was unlawful.[3]
In both Davis and Varnall, the cigarettes the officers saw were similar to regular cigarettes. Indeed, in Davis the Court described the cigarette as "rolled in white cigarette paper in the same manner as a hand-rolled tobacco cigarette." Davis at 989. Here, the cigarette containing the PCP was rolled in tinfoil. It is difficult to make the argument that this cigarette was so similar to a regular cigarette that the officers would not be able to distinguish it from a regular cigarette. Lt. Van Dalen testified that he stopped the appellant because he suspected the object was not an ordinary cigarette but instead contraband.
In State v. Hall, 555 So.2d 495 (La.App. 4th Cir.1989), writ denied, State ex rel Hall, 577 So.2d 44 (La.1991), this Court concluded that police officers were justified in seizing foil packets which police officers recognized from their experience as a commonly used method of packaging narcotics. The Court relied on Texas v. Davis, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). In Davis, the defendant was stopped by a police officer at a routine driver's license checkpoint. The officer shined a flashlight into the defendant's vehicle and saw a green balloon drop from the driver's hand. The officer then saw in the glove compartment some plastic vials, loose white powder, and an open bag of party balloons. The officer knew from past experience that party balloons were commonly used to package narcotics. The Court found that the seizure was proper because the officer had probable cause to believe that the balloon contained an illicit substance. Likewise, in Hall, the Court found that officer had probable cause to believe that the cellophane bag which contained numerous small foil packets contained contraband.
In State v. Davis, 555 So.2d 633 (La.App. 4th Cir.1989), rev. in part on other grounds, State v. Bell, 566 So.2d 959 (1990), this court concluded that evidence was properly seized under the plain view exception. In Davis, a police officer testified that he saw a tightly-wrapped white package on the console inside a vehicle, which from his experience he believed to be cocaine. This Court held that "based on Officer LaRoche's personal experience, there was probable cause to believe that the tightly wrapped white package contained contraband."
Here, Lt. Van Dalen testified that he saw the appellant walking across the street carrying a cigarette-shaped tinfoil object which from his experience he thought might contain a marijuana cigarette soaked with PCP. Jones and Beaudoin both testified that Lt. Van Dalen told them that he thought the appellant was holding a "clickum", a marijuana cigarette laced with PCP. Based upon this testimony, the trial court did not err by finding that there was reasonable suspicion of criminal activity to stop the appellant. Thus, the officers could lawfully seize the PCP-laced marijuana cigarette which he abandoned pursuant to this stop. This assignment of error is without merit.
Accordingly, we affirm the appellant's conviction and sentence.
AFFIRMED.
NOTES
[1] Although the minute entry of August 17, 1990 indicates that the appellant was sentenced to serve time in Parish Prison, a corrected minute entry of July 18, 1991 reflects that the appellant was actually sentenced to serve his time at hard labor.
[2] Lt. Van Dalen testified that such contraband was usually wrapped in tinfoil to mask the odor of PCP and to keep the PCP from being absorbed through the carrier's pores.
[3] State v. Washington, 364 So.2d 958 (La.1978), also cited by the appellant, concerned an airport stop and thus is not applicable to this case.