641 So.2d 688 (1994)
STATE of Louisiana
v.
Gregory JONES, a/k/a Kenny Jones.
No. 93-KA-1685.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1994.
*689 Harry F. Connick, Dist. Atty. of Orleans Parish, Karen E. Godail, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, JONES and LANDRIEU, JJ.
BARRY, Judge.
The defendant pleaded guilty to possession of phencyclidine (PCP), La.R.S. 40:966, reserving his right to appeal the denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to five years at hard labor. The defendant assigns as error the trial court's denial of the motion to suppress. The defendant argues that the officers did not have reasonable cause to make the initial stop and probable cause to search the car without a warrant.
On May 1, 1992 about 6:00 p.m. Officers Harris and Delery parked their police car and were walking through the apartment buildings in the 2000 and 2100 block of Thalia Street. Officer Harris testified that they observed the defendant take what they believed to be a piece of aluminum foil and pass it under his nose as if to smell it. The defendant walked through the breezeway and entered a parked car with a white male in the driver's seat. As the officers approached the car, the defendant "appeared to be stuffing as an attempt to hide or retrieve an object or objects from ... between the passenger seat and the door."
Officer Harris asked the defendant to exit the car and he complied. As he stepped from the vehicle, Officer Harris saw two *690 pieces of aluminum foil lying between the passenger seat and the door. The officer retrieved the two pieces of foil and noticed the strong chemical odor consistent with phencyclidine (PCP) coming from the foils. He opened each foil and found a hand-rolled marijuana cigarette. Based upon the odor and past experience that marijuana cigarettes are dipped in PCP and packaged in foil, the officer believed the foils contained PCP. Officer Harris arrested the defendant for possession of PCP.
Every person is protected against unreasonable searches and seizures. No warrant shall issue without probable cause. U.S. Const.Amend. IV; La. Const. art. I, § 5. Law enforcement officers have the right to stop someone based upon a reasonable, articulable suspicion that the suspect has committed, is committing, or is about to commit criminal conduct. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is something less than the probable cause required for an arrest. The reviewing court must look to the facts and circumstances of each case to determine whether the officer had facts sufficient to justify the infringement of the suspect's rights. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir. 1990).
Officer Harris based his actions upon: the defendant's presence in an area known for illegal drug transactions; the defendant's hurried walk through the breezeway; the defendant's possession of a small silver object appearing to be aluminum foil (in which PCP is usually packaged); and the defendant's passing the foil under his nose (consistent with the presence of PCP and its strong odor). Under the circumstances the officer had reasonable suspicion to stop the defendant.
The State claims that Officer Harris saw the foils in plain view and was justified in the seizure. There are requirements for a seizure to fall under the plain view doctrine: (1) that there was a prior justification for police intrusion into the protected area; (2) that the evidence was discovered inadvertently; and (3) that it was immediately apparent, without close inspection, that the items were contraband. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Parker, 355 So.2d 900 (La.1978). The second requirementinadvertenceis no longer a necessary condition. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).
The defendant argues that the officer did not know with certainty that the foils contained contraband. "Immediately apparent" requires only that the officer have probable cause to believe an item is contraband. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); State v. Hall, 555 So.2d 495 (La.App. 4th Cir.1989), writ denied, 577 So.2d 44 (La.1991).
In Texas v. Brown, 460 U.S. at 730, 103 S.Ct. at 1535, the defendant was stopped for a traffic violation. The officer saw a balloon in the defendant's possession. When the defendant opened the glove compartment to look for his license, the officer observed several balloons, small plastic vials and loose white powder. The officer did not have to see within the opaque balloons for the contraband to be immediately apparent. The balloon in the defendant's possession had been tied in a manner used when a balloon carried narcotics. The officer's seizure of the balloon was valid. Id.
In State v. Clark, 612 So.2d 232 (La.App. 4th Cir.1992), a case with similar circumstances, the officer saw the defendant walking across a street with a tinfoil-wrapped cigarette which the officer believed (from experience) was a marijuana cigarette soaked in PCP. When the defendant entered a parked Cutlass, the officer stopped his patrol car, exited and asked the defendant to step out of the Cutlass. The defendant did not react and the officer repeated the request. When the defendant exited he tossed a shiny object under the car which the officer retrieved. It contained a marijuana cigarette soaked in PCP. The seizure was valid because the officer had reasonable suspicion to stop the defendant and the cigarette was abandoned pursuant to that stop. Id.
*691 Officer Harris had reasonable suspicion to stop the defendant and ask him to exit the automobile. When the defendant stepped out, the officer saw the tin foils which he suspected through his experience contained PCP. The defendant had been holding the foil up to his nose, a procedure consistent with a foil and PCP cigarettes. The record supports the seizure.
The motion to suppress was properly denied.
We have reviewed the record for errors patent and there are none.
The defendant's conviction and sentence are affirmed.
AFFIRMED.