645 So.2d 1309 (1994)
STATE of Louisiana
v.
Cleveland PARKER.
No. 94-KA-0624.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1994.
Harry F. Connick, Dist. Atty., Karen E. Godail, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
SCHOTT, Chief Judge.
Defendant pled guilty to possession of crack cocaine in violation of R.S. 40:967(C)(2) and was sentenced to three years. His sentence was suspended and he was placed on five years active probation with special conditions. In connection with his plea he reserved his right to contest the trial court's earlier denial of his motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976). Thus the only issue is the validity of the trial court's denial of the motion to suppress the evidence.
On October 20, 1992, two police officers on routine patrol were flagged down by a pedestrian *1310 who said someone was selling drugs on a nearby street corner. The citizen who would not give his name said the subject was a black male wearing a white T-shirt and purple pants with the letters LSU on the side and he was riding a bicycle. The officers proceeded to the corner and found the defendant meeting the citizen's description. They called him over and he approached them with a clenched fist. They asked him to open his fist and found that he was carrying a plastic bag of rocks which later proved to be crack cocaine. The officer testified that this street corner was in a high-drug-trafficking area.
Defendant argues that the officers lacked reasonable suspicion to stop defendant and the search was illegal in the absence of surveillance and corroboration of the citizen's complaint.
C.Cr.P. art. 215.1 authorizes a law enforcement officer to stop a person whom he reasonably suspects is or was committing a crime. In this case a citizen flagged the officers down and told them a subject whom he described was selling drugs on a nearby street corner. When they went to that corner and found the defendant who matched the description they had a reasonable suspicion that defendant was indeed selling drugs. To hold otherwise would seriously discourage a citizen from reporting an on-going crime to a policeman.
Having legitimately stopped the defendant whom they were just told moments before was selling drugs they saw that his fist is clenched. Common sense dictated that he was holding the merchandise he was selling in the clenched fist. Defendant had no expectation of privacy in his clenched fist under these circumstances. In addition since the clenched fist in all probability held drugs the situation was analogous to the drugs being in the plain view of the officers.
To suppress this evidence would make a mockery of law and order. The defendant was caught red-handed. Constitutional protection against unreasonable search and seizure should not be construed to create a technicality for the acquittal of the defendant under these circumstances.
AFFIRMED.
WALTZER, J., dissents.
WALTZER, Judge, dissenting.
I respectfully dissent. In this case, the officers had only the word of an unidentified informant of untested reliability that someone who fit a particular description was dealing drugs at a certain corner. The police did nothing to corroborate this information and stopped the defendant on the basis that the defendant was located at the corner of America and Selma Streets wearing the clothing described by the informant. The police had no independent reason to suspect the defendant and so lacked probable cause to arrest the defendant. The State maintains and the majority agrees, that the officers had reasonable cause to make an investigatory stop, and frisk the defendant for their own safety. Police Officer Burt's request that the defendant open his fist went beyond a search for weapons permitted by Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and LSA-C.Cr.P. 215.1(B). The record is devoid of any evidence that Officer Burt feared that the defendant had a weapon concealed in his fist. The search conducted exceeded the bounds permitted for an investigatory stop. In my view, the evidence should have been suppressed.