652 So.2d 1086 (1995)
STATE of Louisiana,
v.
Ronald E. HALL.
No. 94-KA-2051.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1995.
*1087 Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
Bartholomew Law Offices, Harold S. Bartholomew, Jr., Metairie, for defendant/appellant.
Before BARRY, ARMSTRONG and LANDRIEU, JJ.
BARRY, Judge.
The defendant was charged with possession of not less than 28 grams and up to 200 grams of cocaine (La.R.S. 40:967) and also as a felon in possession of a firearm (La.R.S. 14:95.1). The defendant pleaded guilty to both charges after his motion to suppress was denied and reserved his right to appeal that ruling under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to eight years at hard labor on the cocaine charge, and eight years at hard labor without benefit of probation, parole or suspension of sentence on the firearm charge, the sentences to run concurrently.
The defendant now argues that the police did not have reasonable cause to stop him or probable cause to arrest. He submits that the pistol in his pocket, cocaine in his truck, *1088 documents seized from his person and his truck, and statements he made to the police should have been suppressed.

TESTIMONY
Officer Fitzpatrick testified that on March 11, 1994 at about 7:00 p.m. he and his partner, Gordon Hyde, were in uniform patrolling in a marked car in the Hollygrove area when they were flagged down by a concerned citizen. The police were told about activity under the Palmetto overpass involving several black males who were transferring bags and what appeared to be weapons between a white vehicle and a red vehicle. The officers drove down Eagle St. (which runs into Palmetto underneath the overpass) and observed three black males leaning on an old car drinking beer. They were on the street side of the sidewalk. A red truck with its door open was parked next to the house and loud music was heard. A white car was parked nearby.
The police officers passed by and drove underneath the overpass, then turned around and drove toward the subjects. As the officers exited their vehicle, the defendant walked around a fence toward the house on the corner of Eagle and Palmetto. Another subject stood up and moved to push the open driver's side door of the truck, it closed slightly and then reopened. Because of the information about weapons and the suspicious movements of two suspects, the officers pulled their guns. Officer Hyde ordered the defendant to stop, he complied and turned around. The officer ordered him to put his hands on top of his head, the defendant complied, and the officers observed the butt of a firearm protruding from the right front pocket of his pants. The officers ordered the defendant to move outside of the fence over by the other two subjects. Officer Hyde holstered his gun, patted down the defendant and removed the gun from the defendant's pocket. Officer Hyde told the defendant that he was under arrest for carrying a concealed weapon and advised him of his Miranda rights. The defendant told the officers that he had papers for the gun above the visor of his truck and he told the officers they could get the documents.
When Officer Fitzpatrick opened the truck door he observed behind the driver's seat a plastic bag with protruding large white rocklike substances which appeared to be (and tested to be) cocaine. Officer Fitzpatrick retrieved the bag and papers, and the officers informed the defendant of the cocaine charge and again advised him of his Miranda rights. The papers in the truck included the defendant's receipt for the gun. Initially he was not charged with being a felon in possession of a firearm because the computer did not show a prior felony conviction.
Trudell Berry testified that he, Freddie Chaney and the defendant were eating chicken and drinking beer. The defendant was on his way into the house when the police jumped out of their car with guns drawn. He said one officer told the defendant to stop and turn around, then went over the fence and grabbed the defendant by the arm and escorted him through the gate. The defendant told the officer that he had a weapon in his pocket which the officer retrieved. Berry said an officer went into the truck (the door was closed). Berry claimed that he and the defendant were handcuffed and placed in the police car without being advised of any rights. Berry said after he and Chaney were released they were advised of their rights.
Freddie Chaney stated the defendant told an officer he had a gun, another officer went into the truck and the defendant was not advised of any rights. Renee Clark, the defendant's girlfriend's sister, testified that she was standing on the corner and heard the defendant tell the officer that he had a gun and saw the officer pat him down. She did not hear the police advise the defendant of his rights. She saw the officer go into the defendant's truck and retrieve a bag.

LAW AND ANALYSIS
Every person is protected against an unreasonable search and seizure. U.S. Const. Amend. IV; La. Const. art. I, § 5. A law enforcement officer has the right to stop a person in a public place based on a reasonable suspicion that the person is committing, has committed or is about to commit a criminal offense. He is allowed to frisk a person's *1089 outer clothing for a dangerous weapon. La. C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jones, 93-1685 (La.App. 4 Cir. 7/27/94), 641 So.2d 688.
Reasonable cause is something less than probable cause which is required for arrest. A reviewing court must look to the totality of the facts and circumstances of each case to determine whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement of the suspect's rights. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). The corroboration of a concerned citizen's information (given after flagging down a police car) about a crime in progress has been held to be reasonable suspicion to conduct an investigatory stop. "To hold otherwise would seriously discourage a citizen from reporting an ongoing crime to a policeman." State v. Parker, 94-0624 (La.App. 4th Cir. 11/18/94); 645 So.2d 1309, 1310.
The police officers received information from a citizen about activity under the Palmetto overpass involving several black males and a transfer of bags and perhaps weapons between a white and a red vehicle. The police drove down Eagle Street and near the overpass saw three black men drinking beer and the two vehicles which had been described by the citizen. As the police drove up toward the subjects they observed suspicious behavior. The defendant started for a house behind a fence and another suspect tried to close the door of the red truck. At that point the police had reasonable cause for an investigatory stop. Because the officers had been warned about possible weapons they had justifiably drawn their weapons for safety reasons. Officer Hyde yelled for the defendant to stop, he complied, turned around, put his hands on top of his head and the police could see a gun in his pocket. After a pat down the gun was seized. There was probable cause to arrest the defendant for carrying a concealed weapon and that charge became a charge of being a felon in possession of a firearm when the defendant's prior conviction was ascertained. There was a legal basis for the gun to be seized.
Officer Fitzpatrick said after the defendant was advised of his rights he told the police that he had owned the gun and had papers for the gun in his red truck and they could go into the truck to get the documents. The State bears the burden of proving beyond a reasonable doubt that a statement by a defendant was voluntary and not influenced by fear, duress, intimidation, threats, inducements or promises. A trial court's ruling as to whether the statement is voluntary, based upon conclusions of credibility and the weight of testimony, is entitled to great deference and will not be disturbed unless there is no evidence to support the ruling. State v. Bourque, 622 So.2d 198 (La.1993).
Officer Fitzpatrick unequivocally testified that the defendant was informed of his Miranda rights before he admitted that he owned the gun. The trial court was justified in believing the police and properly denied the motion to suppress the statement.
Officer Fitzpatrick testified the defendant told the officers to go into his red truck to get the papers on his gun. Consent is an exception to the warrant requirement. The State bears the burden of proving that the defendant freely and voluntarily gave his consent. State v. Alexis, 514 So.2d 561 (La. App. 4th Cir.1987). The validity of the consent depends on whether it was free of duress or coercion, either express or implied. The trial court's determination on the issue of consent, which is factual and may be determined by the credibility of conflicting witnesses, is afforded great weight on appeal. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984).
Clearly, Officer Fitzpatrick validly entered the truck and retrieved the papers relating to defendant's ownership of the gun.
While Officer Fitzpatrick was in the truck he saw crack cocaine in plain view protruding from a plastic bag. For a seizure to fall under the plain view doctrine there are several requirements: 1) there was justification for police intrusion into the protected area; 2) the evidence was discovered inadvertently; and 3) it was immediately apparent, without close inspection, that the items were contraband. Coolidge v. New Hampshire, *1090 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Jones, 641 So.2d at 688. The second requirement-inadvertence-is no longer necessary. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). "Immediately apparent" requires only that the officer have probable cause to believe an item was contraband. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
Officer Fitzpatrick was inside the truck because the defendant gave his consent. It was immediately apparent to the officer that the rock-like substance protruding from the bag was contraband. The defendant's arguments lack merit.
We note the defendant's eight year sentence for possession of cocaine (28 grams or more but less than 200 grams) is illegally lenient. Pursuant to La.R.S. 40:967 G the sentence of this defendant, to whom Subsection F applies, shall not be suspended and he shall not be eligible for probation or parole prior to serving the minimum sentence provided by Subsection F, ten years. Because the error is favorable to the defendant and the State has not complained, unfortunately the error cannot be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986). There are no other errors patent.
The defendant's conviction and sentence are affirmed.
AFFIRMED