673 So.2d 1279 (1996)
STATE of Louisiana
v.
Michael RILEY.
No. 95-KA-0664.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1996.
*1280 Harry F. Connick, District Attorney, Kim Madere Graham, Assistant District Attorney, New Orleans, for Plaintiff-Appellee State of Louisiana.
Christian Callens, Student Attorney, Tulane Law School, Community Service Program, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Defendant-Appellant Michael Riley.
Before KLEES, BYRNES and MURRAY, JJ.
KLEES, Judge.
On November 9, 1994 the State filed a bill of information charging the defendant with one count of possession of crack cocaine, a violation of La.R.S. 40:967. The defendant entered a not guilty plea on November 14, 1994. A preliminary hearing and hearing on the motion to suppress evidence were held on November 21, 1994. The trial court found probable cause and denied the motion. The defendant proceeded to trial before a six-person jury on December 12, 1994. He was found guilty as charged. On January 4, 1995 the trial court sentenced the defendant to five years at hard labor. The State filed a multiple bill charging the defendant with being a quadruple offender. The multiple bill hearing was held on January 20, 1995. After finding the defendant to be a fourth offender, *1281 the trial court sentenced him to ten years at hard labor. The defendant's motion for appeal was granted.

FACTS
On October 7, 1994 Officer Tommy Mercadel and Officer Wellington Beaulieu were on routine patrol in the French Quarter. As they drove on Burgundy Street near Conti, they saw the defendant talking to a man. The defendant had his hands turned palm up. The officers were travelling too fast to stop. After driving around the block, the officers did not see the defendant in the same location. However, while still on patrol a short time later, the officers saw the defendant at the intersection of Conti and Dauphine. The defendant was standing talking to a different man but the defendant again had his hand turned palm up. He was also holding a towel. Officer Mercadel exited the police car while Officer Beaulieu proceeded to drive around the block. Officer Mercadel approached the defendant and the other man, identified himself, and escorted the men to a nearby police vehicle. Officer Mercadel instructed the men to kneel facing the police car while he conducted a frisk for weapons. No weapons were found. As the defendant began to stand up, Officer Mercadel opened the towel the defendant had kept near his hands on the truck of the car. The officer found three pieces of a compressed substance identified at trial as cocaine. There was also a razor blade found in the towel. The defendant was placed under arrest; the other man was allowed to leave.

ERRORS PATENT
The only error patent pertains to the defendant's sentence. The trial court imposed a sentence of ten years at hard labor whereas the minimum sentence required for a fourth offender under La.R.S. 15:529.1 is twenty years. The State noted its objection at the time of sentence and obtained an appeal. However, the State has failed to file a brief, and as a result its appeal has been dismissed. On appeal this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (La.1986). Because the State has abandoned this issue, the sentence should not be corrected.

DISCUSSION
The defendant-appellant has assigned only one error. He contends that the trial court erred when it denied the motion to suppress physical evidence. The appellant argues that the police officers did not have sufficient basis to conduct an investigatory stop and, even if they did, the search exceeded the bounds of such a stop.
The standard of law applicable to investigatory stops is well-settled. A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.C.Cr.P. Art. 215.1. If an officer stops a person pursuant to art. 215.1, the officer may conduct a limited patdown frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.C.Cr.P. art. 215.1(B). "Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Matthews, 94-2112 (La.App. 4th Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La.App. 4th Cir. 2/25/94) 633 So.2d 819. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Clark, 612 So.2d 232 (La.App. 4th Cir.1992); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir. 1990). As this court noted in Clark, quoting from Johnson:
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, [483 So.2d 1207 (La.App. 4th Cir.1986), writ den. 488 So.2d 197 (La.1986)]. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
State v. Clark, at 233-234.
In State v. Edwards, 530 So.2d 97 (La.App. 4th Cir.), writ denied, 533 So.2d 19 (La.1988), *1282 officers on patrol in an area known for narcotics activity observed the defendant standing on a corner showing a companion an object clenched in his hand. The officers approached, and the defendant fled. The officers chased the defendant into a sweetshop where they saw him remove a gun from his waistband and place it under a door. On review of the trial court's granting of the motion to suppress evidence, this Court found the officer's actions would have caused a reasonable person to believe he was seized and because the officers did not possess reasonable suspicion of criminal activity, the seizure of the discarded object was illegal. The court stated:
Although a defendant's furtiveness may be highly suspicious and is a factor to be considered in this determintion (sic), his flight, nervousness, or startled look at the sight of a police officer, without any relationship to a violation of criminal law, is insufficient to justify an investigatory stop. [citations omitted]
Applying these principles to the admittedly close facts in the instant case, we conclude that the police officers did not have reasonable cause to make an investigatory stop of the defendant based on a suspicion that he had engaged in a narcotics transaction. Although the defendant's running from the scene upon seeing the officers is a factor to be considered, this flight was is (sic) still insufficient to justify an investigatory stop where the officers did not know what was in defendant's hand, saw no exchange of money, and had not recognized either the defendant or his companion as a known drug dealer.
State v. Edwards, at 98.
In the instant case, the testimony at the motion to suppress hearing was essentially the same as at the trial. Officer Mercadel and his partner were on routine patrol in an area of the French Quarter which was known for narcotics trafficking and usage. They observed the defendant in conversation with another man. The defendant had his palm turned up. A few minutes later they saw the defendant approximately a block and one-half away; he was again engaged in a conversation with a man. The defendant had a towel in his hand turned palm up. Officer Mercadel testified that standing with a palm turned up is common in street level traffic sales.
These observations were the basis of the officers' decision to stop the defendant. The officers did not testify that they observed the transfer of any money or any objects between the defendant and either man with whom he was conversing. The defendant was not known to the officers. The defendant did not exhibit any signs of furtiveness, nervousness, or flight until he was kneeling on the ground being patted down. He obeyed Officer Mercadel's instruction to walk to a police unit on the corner and kneel on the ground.
While some of the factors normally relied upon to conduct an investigative stop, such as flight or nervous behavior, are missing, Officer Mercadel testified that standing with one's palm turned up is indicative of drug sales. The incident occurred twice in an area known for drug-trafficking. The trial court's decision of the existence of reasonable suspicion is entitled to deference.
Nevertheless, reasonable suspicion to conduct an investigatory stop does not automatically give rise to the right to frisk a person for weapons:
While it is true that an officer is never justified in conducting a pat-down for weapons unless the original detention itself was justified, a lawful detention for questioning does not necessarily give the officer the authority to conduct a pat-down for weapons. Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a "reasonably prudent man ... would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. Further, the officer's belief is not reasonable unless the officer is "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U.S. at 64, 88 S.Ct. at 1903, 20 L.Ed.2d at 935. It is not necessary that the investigating officer establish that it was more probable than not *1283 that the detained individual was armed and dangerous; it is sufficient that he establish a "substantial possibility" of danger. [citation omitted]
State v. Hunter, 375 So.2d 99, 101-102 (La. 1979).
While there was no such articulation in this case, the facts indicate that it could reasonably be inferred that the defendant could be armed. As the officers testified, they saw the towel in defendant's possession on both occasions that they observed him and because of the nature of the transactions and the area they were in, Officer Mercadel could reasonably conclude it was necessary to search the defendant, as well as the towel he had kept close to his hand, to protect himself and others. This assignment is without merit.
Accordingly, for the reasons expressed, the conviction and sentence of defendant Michael Riley are hereby affirmed.
AFFIRMED.