530 So.2d 97 (1988)
STATE of Louisiana
v.
Markee EDWARDS.
No. 88-K-1376.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1988.
Writ Denied November 18, 1988.
Harry F. Connick, Dist. Atty., Donna M. Borrello, Asst. Dist. Atty., New Orleans, for relator.
Harold Marchand, New Orleans, for respondent.
Before GULOTTA, C.J., and WILLIAMS and ARMSTRONG, JJ.
GULOTTA, Chief Judge.
In this writ application, the State seeks to set aside the trial court's judgment granting the defendant's motion to suppress evidence. At issue is the admissibility of a weapon discarded by the defendant after he had been chased by two police officers who suspected that he had engaged in an illegal narcotics transaction. We deny the writ.
According to the transcript of the motion to suppress hearing, two plainclothes narcotics officers were on patrol in an unmarked car in a drug trafficking area of *98 New Orleans at approximately 10 p.m. on February 1, 1988, when they observed the defendant standing on a street corner and showing a companion "an object that he had clenched in his right hand". As the officers approached, the defendant noticed them, "started acting very suspiciously", and ran off. The officers immediately exited their vehicle, ran after defendant for a distance of twenty-five yards, and followed him into a sweet-shop, where they saw him remove a .38 revolver from his waistband and shove it beneath a door inside the store. The officers thereupon detained defendant, retrieved the weapon, and placed him under arrest for violating LSA-R.S. 14:95, illegal carrying of a weapon. Defendant was subsequently charged with being a felon in possession of a weapon after it was discovered that he had a prior conviction for possession of cocaine.
In suppressing the weapon, the trial judge found no probable cause for the seizure. In its application for writs, the State argues that there was no search of the defendant nor seizure of his property since he had no expectation of privacy after abandoning the weapon. The State further argues that the officers' reasonable suspicion that the defendant had engaged or was about to engage in a narcotics transaction justified the investigatory stop of defendant and the seizure of the abandoned weapon. We disagree.
The right to make an investigatory stop and question a particular individual must be based upon reasonable cause to believe that he has been, is, or is about to engage in criminal conduct. State v. Andrishok, 434 So.2d 389 (La.1983). Under the totality of circumstances in the case it must be determined whether the police officer had sufficient knowledge of the facts and circumstances to justify infringing on the individual's right to be free. State v. Andrishok, supra; State v. Belton, 441 So.2d 1195 (La.1983). Although a defendant's furtiveness may be highly suspicious and is a factor to be considered in this determintion, his flight, nervousness, or startled look at the sight of a police officer, without any relationship to a violation of criminal law, is insufficient to justify an investigatory stop. State v. Belton, supra. State v. Chopin, 372 So.2d 1222 (La.1979); State v. Truss, 317 So.2d 177 (La.1975).
Applying these principles to the admittedly close facts in the instant case, we conclude that the police officers did not have reasonable cause to make an investigatory stop of the defendant based on a suspicion that he had engaged in a narcotics transaction. Although the defendant's running from the scene upon seeing the officers is a factor to be considered, this flight was is still insufficient to justify an investigatory stop where the officers did not know what was in defendant's hand, saw no exchange of money, and had not recognized either defendant or his companion as a known drug dealer. Under these circumstances, we conclude that the trial judge properly suppressed the evidence of the pistol seized after the officers chased defendant.
We further conclude that defendant did not discard the pistol before the police officers unlawfully restrained him.
Police officers may not unlawfully intrude on a citizen's freedom of movement in the course of investigating suspicious activity. State v. Ryan, 358 So.2d 1274 (La.1978). A citizen's right "to be left alone" is violated "... when the citizen is actually stopped without reasonable cause or when that stop is imminent...." State v. Andrishok, supra, State v. Ryan, supra.
Recently, in Michigan v. Chesternut,U.S. ___, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988), the United States Supreme Court reaffirmed its view that a "seizure" of an individual occurs only if a reasonable person would have believed that he was not free to leave in view of all the circumstances surrounding the incident. The Supreme Court noted that a police officer's "chase" of a suspect does not necessarily mean that a detention is intended and imminent; rather, the issue is whether the conduct involved would have communicated to a reasonable person an attempt to capture or otherwise intrude on his freedom of movement.
*99 In the Chesternut case, the defendant ran away at the sight of an approaching marked police car. The officers followed defendant around the corner in their car "to see where he was going", drove alongside him for a short distance, and observed him discard narcotics. The Supreme Court held that the officers' conduct before the drugs were abandoned did not constitute a seizure of the defendant where the police had not activated a siren or flashers, commanded defendant to halt, displayed any weapons, operated the car in an agressive manner to block his course or control his direction or speed of movement, or engaged in any intimidating behavior such that the defendant could have reasonably believed that he was not free to disregard the police and go on about his business. In a footnote to the Chesternut opinion, however, the Supreme Court expressed no view "as to the federal constitutional correctness" of two Michigan state-court cases which had excluded evidence abandoned by a defendant after being chased by police officers on foot.
In the instant case, the police suspected defendant of criminal behavior, exited their car, and pursued him on foot with the intention of restraining him. Although the police engaged in no intimidating behavior initially to cause the defendant to run from them, the officers chased him closely on foot for a distance of twenty-five yards such that a reasonable man would have interpreted their pursuit as an attempt to capture him or otherwise intrude upon his freedom of movement. Under these circumstances, because a stop of the defendant was imminent, he was "seized" by the police before he abandoned the weapon.
When a citizen drops or abandons property in response to an illegal stop, the article cannot be admitted into evidence. State v. Ryan, supra; State v. Belton, supra; State v. August, 503 So.2d 547 (La. App. 4th Cir.1987). Because the officers lacked such a reasonable cause to detain the defendant and unlawfully intruded on his freedom of movement in the instant case, we cannot conclude the trial judge erred when he granted the motion to suppress.
Accordingly, the application is denied.
WRITS DENIED.