SCHOTT, Chief Judge.
On the State’s application we granted certiorari in order to consider the validity of the trial court’s judgment granting defendant’s motion to suppress evidence. The defendant is charged with possession of cocaine. Officer Fulton and his partner were in uniform on routine patrol on January 25, 1986 at about 8:45 p.m. when they saw three men standing on a street corner near the St. Thomas Housing project, an area known for its high volume of drug trafficking. The officers stopped their marked car and approached the subjects. As the officers approached, the defendant placed a tote bag on the ground and stepped back three or four feet. The bag was unzipped and Officer Fulton saw a triple beam balance, some vials and “various paraphernalia”. The defendant was arrested. Officer Fulton testified that the three subjects were conversing on the sidewalk and were not engaged in any suspicious activity.
At the conclusion of the hearing on the motion the trial judge indicated that he accepted all of Officer Fulton’s testimony as true, but he thought the seizure of the *21 evidence was unconstitutional as a matter of law.
A law enforcement office may stop a person whom he reasonably suspects has been or is presently or about to be engaged in the commission of an offense. C.Cr.P. art. 215.1. None of these circumstances existed in this case. However, the mere fact that a police officer addresses or approaches a citizen to converse with him does not constitute a forcible stop. The citizen has the legal right to walk away or ignore the officer. State v. Neyrey, 383 So.2d 1222 (La.1980).
Some factors to be considered in determining whether a police officer’s contact with a citizen constitutes a seizure of the person are the threatening presence of several officers, display of weapons by an officer, physical touching of the citizen’s body, and the use of language or tone of voice indicating that compliance with the officer’s request might be compelled. U.S. v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Not every contact between officer and citizen amounts to a seizure of the citizen. Only when the officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen is there a seizure of the citizen. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Mendenhall test is imprecise and flexible, depending on the facts and circumstances of the case, and ultimately resolved by looking to the reasonable man’s interpretation of the police officer’s conduct in question. Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988).
In the instant case the officers did not stop the defendant, and they hardly contacted him. They were simply approaching him when he placed the bag on the ground leaving its contents in plain view of the officers. This was no stop and no seizure of the defendant. It was a case where the officers saw defendant in possession of the bag and he put it down allowing the officers to view its contents. It’s seizure thereafter was authorized by the plain view doctrine because there was no intrusion by the officers into a protected area, the evidence was inadvertently discovered, and it was immediately obvious to the officers that the paraphernalia they saw would constitute evidence. State v. Taylor, 531 So.2d 1137 (La.App. 4th Cir.1988).
Defendant relies on State v. Edwards, 530 So.2d 97 (La.App. 4th Cir.1988) in support of his position, but this case is clearly distinguishable from Edwards on its facts and a different result is warranted.
Accordingly, the judgment of the trial court is reversed and defendant’s motion to suppress evidence is denied.
REVERSED, MOTION TO SUPPRESS, DENIED.