LOBRANO, Judge.
Defendant Erroll Catchings (Catchings) was charged by bill of information with illegal possession of stolen property worth in excess of $500.00, namely a Chevrolet Blazer, pursuant to La.R.S. 14:69. He pleaded not guilty, and was tried by a six-person jury which found him guilty as charged. The State filed a multiple bill to which defendant admitted his identity. The trial court sentenced defendant to four years at hard labor without benefit of good time.
FACTS:
Officers Dwayne Marshall and Joey Williams were on patrol near the Desire Housing projects in the early morning hours of August 25, 1988. While stopped at the corner of Louisa and Lafreniere Streets, they saw two Chevrolet Blazers, one red and the other black, driving southbound on Louisa. Officer Marshall later testified that he had received reports of stolen Blazers that week and that he had not often seen Blazers in that area. The officers followed the Blazers down Louisa, when both vehicles started to speed up with the red Blazer ahead of the black one.
The Blazers turned onto Pleasure Street, and into the Desire Housing Project. Officer Marshall testified that the vehicles were traveling between 35 and 45 miles per hour, exceeding the speed limit of 25 miles per hour. Both vehicles turned onto Desire Street, but then the black Blazer turned onto Benefit Street. The officers decided to follow the black Blazer which turned onto Piety Street, then onto Industry and back onto Desire. In the 2800 block of Desire, the black Blazer slowed down, and the driver and passenger jumped out and ran. The Blazer crashed into a parked car.
After exiting their car, Officer Marshall chased the driver, later identified as Catchings, and Officer Williams pursued the passenger. Officer Marshall lost sight of Catchings and called for assistance. Officers Steven Pepin and Pergro Eneas responded, and captured Catchings in the 3300 block of Desire.
A check of the Blazer’s registration revealed that it belonged to Kenneth Chandler.
ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, Catchings complains that the trial court erred in denying his motion to suppress the evidence because the police did not have the requisite reasonable suspicion to make an investigatory stop. He argues that the mere fact that he drove away from where he first saw the police did not give them a reason to pursue and detain him since they had no basis to suspect that the Blazer was stolen, nor did they observe any traffic violations. He contends that the police did not know the Blazer was stolen until after he was apprehended.
The State argues that because Catchings was speeding and driving recklessly, the police officers had reasonable suspicion to stop him. In addition, the State relies on Officer Marshall’s testimony, who stated that he initially became suspicious because Blazers are rarely seen in that area.
At the hearing on the motion to suppress, Officer Marshall testified that he initially noticed the Blazer because he had had other cases of stolen Blazers that week. Officer Marshall and his partner followed the Blazer, which soon thereafter began to increase its speed. He then turned on the police car’s lights and siren and pursued the vehicle in an effort to pull it over. The Blazer slowed down, and Catchings and his passenger jumped out and fled.
La.C.Cr.Pro. Art. 215.1 provides that a police officer may stop a person whom he *104 reasonably suspects has committed, is committing or is about to commit an offense. This court, in State v. Edwards, 530 So.2d 97, 98 (La.App. 4th Cir.1988), writ denied, 533 So.2d 19 (La.1988) stated that the right to stop and question an individual.
“... must be based upon reasonable cause to believe that he has been, is, or is about to engage in criminal conduct, (citations omitted) Under the totality of circumstances in the case it must be determined whether the police officer had sufficient knowledge of the facts and circumstances to justify infringing on the individual’s right to be free, (citations omitted) Although a defendant’s furtiveness may be highly suspicious and is a factor to be considered in this determination, his flight, nervousness, or startled look at the sight of a police officer, without any relationship to a violation of criminal law, is insufficient to justify an investigatory stop.” (citations omitted)
Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). The totality of the circumstances includes a determination of whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be left alone. Id.
In the instant case, Officer Marshall testified that he did not begin chasing the Blazer until Catchings began speeding. Furthermore, Marshall had received reports of stolen Chevrolet Blazers within the week and it was unusual to see Blazers in the area. The speeding alone constituted sufficient reasonable cause to stop since the officers had a reasonable belief that Catchings was committing an offense. This, when combined with the other circumstances, gave the officers more than ample reason to stop the vehicle. Thus, the “stop” and detention of Catchings was legal. Evidence obtained as a result of that stop was properly admitted. This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, Catchings complains that the trial court erred in imposing sentence without benefit of good time, citing State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988). Defendant’s argument is correct. We amend the sentence to delete the denial of good time.
CONVICTION AFFIRMED, SENTENCE AMENDED, AS AMENDED AFFIRMED.