696 So.2d 105 (1997)
STATE of Louisiana
v.
Dwight ANDERSON.
No. 96-K-0810.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1997.
Harry F. Connick, District Attorney, Gordon Rountree, Assistant District Attorney, New Orleans, for plaintiff-relator.
Before BARRY, KLEES and ARMSTRONG, JJ.
KLEES, Judge.
Dwight Anderson was arrested and charged with possession of cocaine. The trial court granted his motion to suppress and the State sought relief from this Court. Finding "no abuse of discretion by the Trial Court" we denied the application. The Supreme Court subsequently granted the *106 State's writ application and remanded this matter for briefing, argument and opinion.

FACTS
At approximately 8:00 p.m. on November 29, 1995, officers on patrol observed two men standing in front of a food store at the corner of Clio and S. Liberty Streets. One of the men, later identified as the defendant Dwight Anderson, was showing something in his cupped hand to the other man. When Anderson looked up and saw the approaching officers, he became startled, drew back his hand, and placed his hand in his pocket. Anderson began to walk away, and the officers detained him. An officer frisked him and discovered two plastic bags in his pocket, one of which contained substances which felt to the officer like rocks. The officer retrieved the bags, which were both found to contain rocks of crack cocaine. The officers then placed the defendant under arrest.
When it suppressed the evidence seized from the defendant, the trial court noted that the officers did not have probable cause for the defendant's arrest to search him. The State argues, however, that the evidence was seized as a result of a patdown search pursuant to an investigatory stop. The State further argues that because it was immediately apparent that one of the bags felt during the patdown contained cocaine, the officer was justified in reaching into the pocket and seizing the bag.
In State v. Williams, 95-1971 (La.App. 4th Cir. 11/16/95), 665 So.2d 112, this court discussed a detention based upon reasonable suspicion of criminal activity:
The authorization for a temporary stop by a police officer of a person in a public place is set forth in La.C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Smith, 94-1502 (La.App. 4th Cir. 1/19/95), 649 So.2d 1078; State v. Carey, 609 So.2d 897 (La.App. 4th Cir.1992). As this court noted in Smith:

A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.Code Crim.Proc.Ann. art. 215.1 (West 1991); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989); State v. Smith, 489 So.2d 966 (La.App. 4th Cir. 1986).
The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62, 65 (La.1993).
State v. Smith, 94-1502 pp. 4-5, 649 So.2d at 1082. In addition, once an officer has reasonable suspicion to detain a suspect, paragraph B of art. 215.1 provides:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.

*107 See also State v. Hunter, 375 So.2d 99 (La.1979). "The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger." State v. Smith, 94-1502 p. 5, 649 So.2d at 1078, 1082.
State v. Williams, 95-1971 pp. 6-8, 665 So.2d at 115-116.
In State v. Edwards, 530 So.2d 97 (La.App. 4th Cir.1988)[1], officers were on patrol in an area known for narcotics activity when they saw the defendant and a companion standing on a corner. The defendant was showing his companion an object clenched in his hand. The defendant fled as the officers approached. The officers pursued the defendant, and he entered a sweetshop, where they saw him remove a gun from his waistband and place it under a door. The trial court granted the motion to suppress evidence. On review this Court found the officers' actions would have caused a reasonable person to believe he was seized[2], and because the officers did not possess reasonable suspicion of criminal activity, they were without authority to seize the discarded object. The Court stated:
Although a defendant's furtiveness may be highly suspicious and is a factor to be considered in this determination (sic), his flight, nervousness, or startled look at the sight of a police officer, without any relationship to a violation of criminal law, is insufficient to justify an investigatory stop. [citations omitted]
Applying these principles to the admittedly close facts in the instant case, we conclude that the police officers did not have reasonable cause to make an investigatory stop of the defendant based on a suspicion that he had engaged in a narcotics transaction. Although the defendant's running from the scene upon seeing the officers is a factor to be considered, this flight was is (sic) still insufficient to justify an investigatory stop where the officers did not know what was in defendant's hand, saw no exchange of money, and had not recognized either the defendant or his companion as a known drug dealer.
State v. Edwards, at 98.
In State v. Ricard, 94-0975 (La.App. 4th Cir. 7/14/94), 640 So.2d 880, the defendant was observed in a high crime area arguing with four females. The officers stopped and exited their vehicle; the defendant saw them and began stumbling away as if drunk or intoxicated. The defendant ignored the officers' order to stop. The defendant's hand was clenched, and he attempted to put it in his coat pocket. The officers, believing that the defendant was reaching for a gun, grabbed his hand and opened it, finding a cocaine pipe. This Court reversed the trial court's ruling which granted the defendant's motion to suppress evidence. First the Court found that there was reasonable suspicion for an investigatory stop. Then the Court found that the officers articulated specific reasons for suspecting that the defendant had a weapon.
In State v. Riley, 95-0664 (La.App. 4th Cir. 5/1/96), 673 So.2d 1279, police officers on patrol in an area of the French Quarter known for narcotics activity observed the defendant in conversation with another man, and the defendant's hand was turned palm up. The officers circled the block, and when they returned to the same location the defendant was gone. However, they saw him soon thereafter a short distance away, and again he was engaged in conversation with a man. The defendant was holding a towel in his upturned palm. One officer testified that standing with an upturned palm is common in street sales of drugs. The officers stopped the men, had them kneel on the ground, and searched them for weapons. No weapons were found, but as the men got to their feet, an officer opened the towel which had been in the defendant's hand and found it contained crack cocaine. On appeal of his conviction, this court found that the officers had reasonable suspicion of criminal activity *108 to stop the defendant, even in the absence of any flight or nervousness by the defendant. The court also found that the officers could also frisk the defendant and the towel he was holding to search for weapons.
Here, the officer testified that he and his partner were on patrol in an area known for narcotics activities and for weapons. They observed the defendant and another man standing outside a store. The defendant was showing the other man something cupped in his hand. As the officers drove nearer, the defendant looked up, saw the officers, became nervous, and quickly put his hand in his pocket. He and the other man separated. The officer testified that these actions caused him and his partner to believe that they had interrupted a drug transaction between the defendant and the other man. The officers drove up to the men and asked the men to stop. The defendant began to walk away from the car, and the officers detained and frisked him. The officer testified that because of the weapons activity in the area, they decided to frisk the defendant and the other man for their safety. It was during this frisk that the officers discovered the bags containing cocaine. These facts appear to fall somewhere between those of Edwards and Riley. As noted by this Court in State v. Scull, 93-2360, p. 9 (La.App. 4th Cir. 6/30/94), 639 So.2d 1239, 1245[3]: "The trial court is vested with great discretion when ruling on motion to suppress." See also State v. Williams, 594 So.2d 476, 479 (La.App. 4th Cir.1992).
If the officers had reasonable suspicion of criminal activity to stop the defendant and that they showed a reasonable belief that the defendant might be armed, then it must consider if the seizure of the drugs lawfully went beyond the scope of a frisk. The officer testified that as he was conducting the patdown, he could feel two plastic bags in the defendant's pocket, and one of them contained what felt like rocks of crack cocaine. In State v. Johnson, 94-1170 (La.App. 4th Cir. 8/23/95), 660 So.2d 942[4], this court discussed the "plain feel" doctrine as set forth in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993):
In Dickerson, the Court ruled that officers may seize contraband detected by touch during a pat-down search if the search remains within the bounds of a Terry pat-down search. The Court stated:
We have already held that police officers, at least under certain circumstances, may seize contraband detected during the lawful execution of a Terry search.... Under [the plain view] doctrine, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. See Horton v. California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2307-2308, 110 L.Ed.2d 112 (1990); Texas v. Brown, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541-1542, 75 L.Ed.2d 502 (1983) (plurality opinion). If, however, the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the objecti.e. if "its incrimination character [is not] immediately apparent," Horton, supra, at 136, 110 S.Ct. at 2308the plain view doctrine cannot justify its seizure. Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
We think that this doctrine has an obvious application by analogy to cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search. The rationale of the plain view doctrine is that if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no "search" within the meaning of the Fourth Amendmentor at least no search independent of the initial intrusion that gave the officers their vantage point.... The same can *109 be said of tactile discoveries of contraband. If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.
Minnesota v. Dickerson, at [373-77], 113 S.Ct. at 2136-2137.
Only a few Louisiana cases have considered Dickerson. In State v. Parker, 622 So.2d 791 (La.App. 4th Cir.1993), writ denied 627 So.2d 660 (1993), the officer, while conducting a pat-down search, seized a matchbox containing crack cocaine. Because the officer could not tell that the matchbox contained contraband just by feeling it, this court found that its seizure was not justified by Dickerson. Likewise, in State v. Jackson, 26,138 (La.App.2d Cir. 8/17/94), 641 So.2d 1081, the seizure of cocaine from a matchbox inside the defendant's pocket was found not to fall within the "plain feel" exception. However, the court also found that the defendant consented to the removal and opening of the matchbox, which then revealed the cocaine. In State v. Short, 605 So.2d 1102 (La.1992), decided before Dickerson, the officer seized crack cocaine from the defendant's watch pocket discovered during a pat-down search. Although this court upheld the seizure, the Supreme Court reversed, merely stating: "The search went beyond a frisk for weapons." It is unclear, however, if this ruling would be affected by the subsequent ruling in Dickerson.

State v. Johnson, 94-1170 at pp. 6-7, 660 So.2d at 947-948.
The seizure of the bags from the defendant's pocket is justified under the "plain feel" exception to the warrant requirement only if the officers had reasonable suspicion of criminal activity to stop and frisk the defendant.
This court addressed this issue in State v. Denis, 96-0956 (La.App. 4th Cir. 3/19/97), 691 So.2d 1295. In Denis, officers on patrol saw the defendant walking down the street and motioning to other pedestrians with one hand while clutching something in his other hand. When Denis noticed the officers, he closed his hand containing the unknown object, placed the object inside the waistband of his pants, and walked away. One officer stopped the defendant, frisked him, and discovered a ball-shaped object in the area of the waistband where he had placed the unknown object which had been in his hand. When the officer asked the defendant what he had, the defendant replied that he had nothing. The defendant attempted to leave, but the officer detained him, reached into his waistband, and retrieved a bag of crack cocaine.
On review of the trial court's denial of the motion to suppress the evidence, this court found the officers did not have reasonable suspicion of criminal activity to stop the defendant. The court pointed out that although the officers had received information in the past about drug activity in the area, they did not have any information at that time concerning drug sales; instead, they were on patrol when they spotted the defendant. None of the officers could hear what the defendant was saying to the other pedestrians, nor could they see what he had in his other hand. None of the officers testified they believed the defendant was engaged in drug transactions; indeed, one officer testified he did not see the defendant committing any specific crime. The court rejected the State's argument that the "totality of the circumstances", including the officers' experience, gave the officers reasonable suspicion to stop the defendant. The court stated: "However, the State's assertion regarding the officers' experience is not supported by any evidence; other than being assigned to the Task Force that night, no testimony was elicited concerning the officers' background or history in law enforcement. Thus, in addition to the absence of testimony that actual criminal activity was observed, there was nothing to suggest Mr. Denis was `about to commit an offense,' as required under Article 215.1 A. As in [State v.] Ellington [680 So.2d 174(La.App. 4th Cir.1996)] and Edwards, we *110 find that the evidence is insufficient to justify the investigatory stop of Mr. Denis." Id. at p. 5, 691 So.2d at 1298. The court also noted: "An inchoate, unparticularized hunch is insufficient grounds for detention under Article 215.1 A." Id. at p. 4, 691 So.2d at 1297.
The court further found that even if the officers had reasonable suspicion to justify an investigatory stop, the evidence did not support the frisk. The testimony did not establish that the officers believed the defendant was armed; rather, it showed the officers frisked all detainees as a matter of policy. This court rejected the State's assertion that the nature of the area and the placing of the small object in the defendant's waistband itself gave the officers a basis for believing the defendant was armed. This court stated:
We recognize that the police have the right to ensure their own safety in an encounter with a suspected criminal. Under both our federal and state Constitutions, however, this right must be balanced against an individual citizen's right to be free from unreasonable searches. Although sometimes appearing to be a legal technicality, Article 215.1 B represents the legislature's attempt to maintain that balance by allowing the officer, who has lawfully stopped an individual, to perform a pat-down for weapons, but only if he "reasonably suspects that he is in danger."
A police officer's duty to enforce and uphold the laws includes not only those statutes that define and prohibit criminal conduct, but also those which define and limit the government's intrusion into the lives of its citizens. Unless the plain language of Article 215.1 B is interpreted as authorizing an officer to frisk every pedestrian who is stopped pursuant to subsection A, the only way a court can determine if the officer reasonably suspected that he was in danger is to require him to express that suspicion, and explain upon what it is based. Eliminating the requirement for such articulation not only eviscerates this statute, but also opens the door for potential abuse by the rare officer who acts upon personal prejudices rather than actual observation and experience.
In this case, rather than offering evidence that would support the officers' belief that they were in danger, Officer Hunt's testimony establishes that "there was no time that [he] believed [Mr. Denis] was armed." Therefore, because the State failed to establish justification for the frisk, the trial court erred in denying the motion to suppress the evidence discovered through that action.
Id. at pp. 7-8, 691 So.2d at 1299. (emphasis supplied)[5] It must be noted the vote in Denis was one, one, one, with one judge dissenting and one judge concurring because the contraband was not immediately apparent to the officer.
Here, as in Denis, the officers were not responding to a tip of any specific activity by the defendant, but rather were on patrol in an area known for narcotics activity. They saw the defendant showing something clutched in his hand to another person. When the defendant saw the officers, he put the object in his pocket. It appears the only difference between these circumstances and those in Denis, however, is that here the officer testified he believed the defendant was about to engage in a narcotics transaction. It does not appear this testimony alone would establish the requisite reasonable suspicion to support the stop.
In support of its assertion that the officers had reasonable suspicion to support the stop, the State cites a case each from the Second and Third Circuits. However, at least one of them can be easily distinguished, and the other one had the added circumstance of flight prior to the officers' attempt to stop the defendant. In State v. Jackson, 26,138 (La.App. 2nd Cir. 8/17/94), 641 So.2d 1081, officers were investigating a tip of drug sales in a certain area when they saw the defendant and his companions leaving a house the officers knew was abandoned. The court found the stop of the defendant was justified because the officers had probable cause to believe he had committed trespass *111 of the abandoned house. In State v. Solomon, 93-1199 (La.App. 3rd Cir. 3/2/94), 634 So.2d 1330, officers were on patrol in an area known for drug activity. When the defendant saw the officers approaching, he became nervous, put his hand in his pocket "as if to conceal a weapon", and began moving away from the officers. When the officers exited their car, the defendant ran from the officers, but he was quickly detained. The court found the defendant's actions, his nervousness, and his flight gave the officers reasonable suspicion to stop the defendant.
Here, given this court's ruling in Denis, it appears the officers did not have reasonable suspicion to stop the defendant. In addition, as in Denis, the officer here did not testify as to any circumstances which would have led him to believe the defendant was armed or that the officer was in danger, which would justify the frisk. Without justification for the frisk, the "plain feel" seizure of the cocaine from the defendant's pocket was not valid.
Although the trial court suppressed the evidence because it found the officers did not have probable cause to arrest the defendant, it appears the officers did not have the reasonable suspicion of criminal activity to support the stop. Even if reasonable suspicion is found, however, the State presented no evidence to support the frisk which led to the seizure of the cocaine. Therefore, it appears the trial court properly granted the motion to suppress, if for the wrong reason.
Accordingly, we find that the trial court did not abuse its discretion and we affirm the judgment granting the motion to suppress.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting.
I conclude that the trial court erred by suppressing the evidence because the police officers did not have probable cause to arrest.
I believe that the officers had reasonable cause to stop the defendant. It was dark and the experienced uniformed officers were in a high crime area known for narcotics traffic when they observed suspicious activity. The defendant, who was standing on a well-lit corner, had his hand outstretched in a cupped manner, showing something to another man. When he saw the approaching officers and the marked vehicle, he became startled, retracted his hand, placed it in his pocket, and walked away. At that point the officers were justified in conducting an investigatory stop under La.C.Cr.P. art. 215.1. Because of the area and the suspicious activity consistent with drug trafficking, the officers were justified in conducting a limited patdown frisk under La.C.Cr.P. art. 215.1(B). See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
When Officer Norton patted down the defendant, he felt two bags in the defendant's pocket and one bag contained what felt like rocks of crack cocaine. The shape and contour of the rocks in the bag made it immediately apparent that there was contraband in the defendant's pocket. Under the "plain feel" exception, the officer was justified in seizing the rocks of crack cocaine. See Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); State v. Johnson, 94-1170 (La.App. 4 Cir. 8/23/95), 660 So.2d 942, writs denied 95-2331 (La.2/2/96), 666 So.2d 1092 and 95-3044 (La.2/2/96), 666 So.2d 1105.
The motion to suppress should have been denied.
NOTES
[1] Writ denied 533 So.2d 19 (1988).
[2] This part of the opinion in Edwards may have been overruled by California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), as interpreted by and applied in State v. Tucker, 626 So.2d 707 (La.1993), opinion reaffirmed and reinstated on rehearing by 626 So.2d 720 (La.1993).
[3] Writ denied 94-2058 (La.11/11/94), 644 So.2d 391.
[4] Writ denied State v. Johnson, 95-2331 (La.2/2/96), 666 So.2d 1092, and State v. Dibartolo, 95-3044 (La.2/2/96), 666 So.2d 1105.
[5] The court further rejected the "plain feel" argument of the State because the officer did not testify that he knew the object in the defendant's waistband was contraband, but rather his testimony established he asked the defendant what the object was.