811 So.2d 951 (2002)
STATE of Louisiana
v.
Kory PORTIS.
No. 2000-KA-2665.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2002.
*952 Harry F. Connick, District Attorney, Juliet Clark, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Brian P. Brancato, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN, Judge TERRI F. LOVE).
LOVE, Judge.
Defendant, Kory Portis, was charged by bill of information with one count of possession of cocaine in violation of La. R.S. 40:967(c). Defendant pleaded not guilty at his February 15, 2000, arraignment. On *953 February 25, 2000, the trial court heard and denied the defendant's motion to suppress the evidence. On May 11, 2000, a six-person jury found the defendant guilty as charged. On May 18, 2000, the defendant appeared for sentencing, and the state filed a multiple bill of information charging the defendant with being a second felony offender. The defendant pleaded not guilty to the multiple bill.
On June 8, 2000, the defendant withdrew his not guilty plea to the multiple bill, and entered a plea of guilty. The defendant was then sentenced to thirty months without the benefit of probation, parole, or suspension of sentence with credit for time served. On that same date, the trial court granted the defendant's motion for appeal.

STATEMENT OF FACT
Officer Andre Benjamin, of the New Orleans Police Department's Fifth District Task Force, testified that on January 16, 2000, he and his partner Jamar Morris approached a stop sign at the intersection of Gordon and Urquhart Streets, an area known for drug activity. Officer Benjamin observed the defendant discard something on the windowsill of a business when the defendant saw them approaching.
Officer Benjamin further testified that he instructed his partner to stop the vehicle. Officer Morris stopped the vehicle, and he asked the defendant to step to the front of the marked vehicle while Officer Benjamin retrieved the discarded item. Officer Benjamin retrieved what appeared to be several rocks of crack cocaine. The officer returned to the vehicle and informed his partner of what he found. The defendant was then placed under arrest, and Officer Morris did a search incident to the arrest, and recovered five hundred seventy-one dollars from the defendant's pocket.
Officer Jamar Morris, of the NOPD Fifth District Task Force, corroborated the testimony of Officer Benjamin.

ERRORS PATENT
A review of the record revealed no errors patent.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
The defendant complains it was error for the trial court to deny his motion to suppress the evidence. Specifically, he alleges the motion should have been granted because the evidence was seized pursuant to an infringement of his rights.
The trial court is vested with great discretion when ruling on a motion to suppress. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914.
La.C.Cr.P. art. 215.1 provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and demand of him his name, address, and an explanation of his actions.
This court in State v. Anderson, 96-0810, p. 2 (La.App. 4 Cir. 5/21/97), 696 So.2d 105, 106, noted:
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be free from governmental interference. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. An investigative stop must be justified *954 by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. (citations omitted)
Though law enforcement officers are given the discretion to stop a person and investigate suspicious activity, it is juxtaposed against an individual's rights under the Fourth Amendment of the United States Constitution and the Louisiana Constitution Art.1, Section 5, which provides in part:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose for the search.
In State v. Tucker, 626 So.2d 707, 710 (La.1993), the Louisiana Supreme Court noted in an effort to discourage police misconduct in violation of this standard, evidence recovered as a result of an unconstitutional search or seizure has been held inadmissible. Thus, evidence abandoned by a citizen and recovered by the police as a direct result of an unconstitutional seizure may not be used in a resulting prosecution against the citizen. Id. If, however, a citizen abandons or otherwise disposes of property prior to any unlawful intrusion into the citizen's right to be free from governmental interference, then such property may be lawfully seized and used against the citizen in a resulting prosecution. Id. (emphasis supplied). In this latter case, there is no expectation of privacy and thus no violation of a person's custodial rights. Id.
"It is only when the citizen is actually stopped without reasonable cause or when a stop without reasonable cause is imminent that the `right to be left alone' is violated, thereby rendering unlawful any resultant seizure of abandoned property." Tucker, 626 So.2d at 710 (citing State v. Belton, 441 So.2d 1195, 1199)(La.1983)(emphasis supplied). In Tucker the Court gave factors to determine whether an actual stop of an individual is imminent: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. Tucker, 626 So.2d at 712.
In the instant case testimony at the trial revealed that the two arresting officers approached the defendant in one vehicle. It was approximately six-thirty p.m. when, from the vehicle, Officer Benjamin observed the defendant put something on the windowsill of a business. The area was known for drug activity.
The object discarded by the defendant was done so without police interference, and therefore, the officers could retrieve it. The abandonment, in the area known for drug activity, gave the officers reasonable suspicion, sufficient articulable knowledge of particular facts and circumstances to justify detaining the defendant, an infringement upon the defendant's right to be free from governmental interference. State v. Anderson, 96-0810 p. 2 (La.App. 4 Cir. 5/21/97), 696 So.2d 105, 106. Once the object was retrieved, and it appeared to be crack cocaine, the officers then had probable cause to arrest or facts and circumstances within their knowledge based on *955 reasonable and trustworthy information to justify the defendant had committed a crime. Gibson v. State, 99-1730, p. 7 (La.4/11/00), 758 So.2d 782, 788. Additionally, the money seized from the defendant was done so incident to his arrest. State v. Thomas, 310 So.2d 517, 521 (La.1975). This assignment of error is without merit.

CONCLUSION
We find that the trial court did not err in denying Defendant's Motion to Suppress. Defendant's conviction and sentence are therefore affirmed.
AFFIRMED.