h STEVEN R. PLOTKIN, Judge.
PROCEDURAL HISTORY
Defendant Joseph Clark was charged by bill of information on April 10, 2001, with one count of simple burglary and one count of possession of cocaine in violation of La. R.S. 14:62 and 14:967(0(2). Defendant pleaded not guilty at his April 17, 2001, arraignment. A motion hearing was held on June 14, 2001, and continued on June 28, 2001. A trial was held on August 20, 2001, but the jury was unable to reach a verdict and a mistrial was declared. On September 25, 2001, the defendant was retried and a six-person jury found the defendant guilty as charged. On October 12, 2001, the defendant was sentenced to six years for the simple burglary count and thirty months for the possession count. On that same date, the state filed a multiple bill alleging the defendant to be a second felony offender. With defense counsel present the defendant pled guilty to the multiple bill. The trial court vacated its previous sentence as to the first degree robbery count and re-sentenced the defendant to six years. On October 16, 2001, defense counsel filed a written motion for appeal, which the trial court granted.

\ STATEMENT OF FACTS

On September 13, 2000, at approximately 1:50 a.m. Officers Preston Bosch and Krekel Eckland of the New Orleans Police Department Second District Task Force were on proactive patrol in an area that had experienced several burglaries and car thefts. As the officers were driving they observed the defendant standing in the middle of the intersection at Birch and Audubon Streets with a bike between his legs and four or five large garbage bags around him. The officers decided to investigate further because of the recent bur *870 glaries in the area. The officers drove their vehicle toward the defendant and turned on the vehicle spotlight. When the defendant saw the officers he dropped the bike and his bags and ran. The officers gave chase and caught the defendant about one block away from the intersection. During the chase Officer Bosch radioed for back up, and when the officers returned to the scene the back-up officers had arrived.
Officer Bosch testified that his partner remained with the defendant while he and the other officers canvassed the area to determine if any of the homes or vehicles in the area had been burglarized. Officer Bosch further testified that Detective Jeffrey Walls found a vehicle, a couple houses away from where the defendant was initially seen, with the driver side door ajar. The officers knocked on the door of the residence and questioned Michael Char-bonnet about the vehicle in his driveway. Mr. Charbonnet told the officers he usually left the top down and the doors unlocked to avoid having his convertible top slashed. Mr. Charbonnet opened the trunk of the vehicle and determined that several items were missing. Mr. Charbon-net also found that a rubber portion behind the backseat had been cut and that the items missing must have been taken through the hole because the trunk remained locked. The officer took Mr. Charbonnet to the scene at the intersection and tasked him to look through the items found in the garbage bags to determine if any of them belonged to him. Mr. Charbonnet found jumper cables, a toolbox, and a comforter that belonged to him. The defendant was then read his rights and arrested for the burglary of Mr. Char-bonnet’s vehicle. Officer Eekland conducted a search incident to arrest and found a small candy tin in the defendant’s right pants pocket. Officer Eekland testified the defendant became nervous when he found the container so he opened it and found it contained a white powder substance that appeared to be cocaine and a piece of wire mesh. The defendant was then arrested for possession of cocaine.

ERRORS PATENT

There are no errors patent.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
The defendant complains the trial court erred in denying his motion to suppress because the police lacked the reasonable suspicion necessary to conduct an investigatory stop.
The trial court is vested with great discretion when ruling on a motion to suppress. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914.
La. C. Cr. P. article 215.1 provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and demand of him his name, address, and an explanation of his actions.
This court in State v. Anderson, 96-0810 (La.App. 4 Cir. 5/21/97), 696 So.2d 105, noted:
|4A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual’s right to be free from governmental interference. The totality of the circum *871 stances must be considered in determining whether reasonable suspicion exists. An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. (Citations omitted)
Id. at p. 2, 696 So.2d at 106 (citations omitted).
Though law enforcement officers are given the discretion to stop a person and investigate suspicious activity, it is juxtaposed against an individual’s rights under the Fourth Amendment of the United States Constitution and the Louisiana Constitution Article 1, Section 5, which provide in part:
Every person shall be secure in his person, property, communications, houses papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose for the search.

Id.

In State v. Tucker, 626 So.2d 707 (La.1993), the Louisiana Supreme Court noted in an effort to discourage police misconduct in violation of this standard, evidence recovered as a result of an unconstitutional search or seizure is inadmissible. Id. at 710. Thus, evidence abandoned by a citizen and recovered by the police as a direct result of an unconstitutional seizure | ¡¿nay not be used in a resulting prosecution against the citizen. Id. If, however, a citizen abandons or otherwise disposes of property prior to any unlawful intrusion into the citizen’s right to be free from governmental interference, then such property may be lawfully seized and used against the citizen in a resulting prosecution. Id. In this latter case, there is no expectation of privacy and thus no violation of a person’s custodial rights. Id.
“It is only when the citizen is actually stopped without reasonable cause or when a stop without reasonable cause is imminent that the right to be left alone is violated, thereby rendering unlawful any resultant seizure of abandoned property.” Tucker, 626 So.2d at 710-11 (citing State v. Belton, 441 So.2d 1195, 1199). In Tucker, the Court gave factors to determine whether an actual stop of an individual is imminent: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. Id. at 712-13.
In the instant case, testimony at the motion hearing revealed that the officers approached the intersection where the defendant was standing in the middle of the street. When the defendant saw the officers he ran abandoning all of the items with him at the time. The abandonment, along with the defendant’s flight, gave the officers reasonable suspicion, sufficient ar-ticulable knowledge of particular facts and circumstances to justify detaining the defendant or an infringement upon the defendant’s right to bejjjfree from governmental interference. State v. Anderson, 96-0810 at p. 2, 696 So.2d at 106; see also State v. Benjamin, 97-3065 (La.12/1/98) 722 So.2d 988. Once the officers found Mr. Charbonnet and determined that the defendant had stolen from him, the officers *872 then had probable cause to arrest the defendant. Gibson v. State, 99-1730, p. 7 (La.4/11/00), 758 So.2d 782, 788. This assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

AFFIRMED.