MAX N. TOBIAS, JR., Judge.
| Freddie Banks (“Banks”), the defendant/appellant, appeals his guilty plea and resulting sentence to one count of possession with the intent to distribute cocaine, contending that the trial court erred by denying his motion to suppress the evidence. For the reasons that follow, we affirm.
On 17 December 2010, the state charged Banks with one count of possession with the intent to distribute cocaine, a charge to which he subsequently entered a plea of not guilty. The court heard and denied his motions to suppress the evidence and statement on 24 February 2011. Banks objected and sought supervisory review in this court, but this court denied his application, finding that Banks would have an adequate remedy on appeal if he was ultimately convicted. State v. Banks, 11-0353, unpub. (La.App. 4 Cir. 4/1/11), writ denied, 11-0700 (La.4/8/11), 62 So.3d 64.
On remand to the trial court, Banks withdrew his prior plea of not guilty on 20 May 2011 and entered a plea of guilty as charged, reserving his right to appeal the denial of his motion to suppress the evidence pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On 24 May 2011, the court sentenced Banks to serve two years at hard labor, with the recommendation that he be allowed to participate in |2any vocational, educational, or drug rehabilitation program offered during incarceration. This appeal followed.
Because Banks entered a plea of guilty, the facts of the case are determined from the suppression hearing. Officer Athena Monteleone testified that she arrested Banks on 15 December 2010, on Bienville Street near North Claiborne Avenue in New Orleans. Officer Monteleone testified that she was driving a police unit, following another officer in a separate unit, *1083 when she made a U-turn on Bienville Street. As she turned, she saw a truck ■with very heavy front-end damage stopped at a stop sign on the corner. She noticed that the truck did not have a brake tag (inspection sticker), and the driver of the truck, Banks, was not wearing a seat belt. She shone her spotlight on the truck, and the other officer stopped her police unit behind Banks’ truck.
Officer Monteleone exited her police unit and walked toward Banks’ truck. She testified that at first Banks had his hands on the steering wheel, but as she approached him, he dropped his hands to his lap, and his shoulders began moving up and down as if he was doing something inside the truck. Officer Monteleone testified that she ordered him several times to show his hands, but he would not comply. She stated that as she got up to the truck, she looked inside and noticed that the buttons of the fly on Banks’ jeans were undone and the fly was open. She asked him to produce his driver’s license, registration for the truck, and proof of insurance. Banks admitted that he had no identification with him, and he indicated that he could not remember his social security number. She ordered him to get out of the truck, placed him on her police vehicle, and started to frisk him. She stated that his fly was still open, and she could feel an unusual bulge in the crotch area of his pants. She testified that she put Banks in handcuffs to await the arrival of a Rmale officer to complete the frisk; she was concerned that the bulge may have been drags.
Officer Monteleone testified that Officer Brian Bissell soon arrived and frisked Banks, and who also felt the bulge. She stated that Officer Bissell then seized thirty-seven individually-wrapped pieces of crack cocaine from Banks’ pants. Officer Monteleone arrested Banks and advised him of his Miranda rights. After she put Banks in the back of her police unit, she asked him why he was selling crack cocaine. She testified that he replied that he did so because his daughter’s birthday was approaching. Officer Monteleone testified that the result of a field test on the substances seized from Banks was positive for cocaine. She testified that $105 was also seized from Banks in denominations of $1, $5, and $10 bills. She also issued Banks a citation for the traffic offenses.
On cross-examination, Officer Montel-eone testified that Banks’ truck was stopped at a stop sign facing the street that she was traveling down, and as she turned, the headlights on her unit illuminated the track. She testified that the stop occurred at approximately 1:15 a.m., and she admitted that part of the reason why she noticed the truck was the time of night. She denied drawing a gun when she walked up to Banks’ truck. She admitted that Banks did not try to flee, and she stated that he was the only person in the truck. Officer Monteleone testified that she felt the bulge in Banks’ jeans during the frisk and that Officer Bissell arrived within a few minutes to complete the frisk. She also stated that she originally was unsure if the bulge in Banks’ jeans was a weapon.
On redirect, Officer Monteleone formally identified Banks as the man she arrested that morning, and she testified that Banks’ truck was stopped at the stop sign in a traffic lane when she saw him.
|4The state introduced the results of the field test and the traffic citation that Officer Monteleone issued to Banks.

Errors Patent

A review of the record for patent errors reveals that the trial court failed to order that the appellant’s two-year sentence be served at hard labor without benefit of parole, as mandated by La. R.S. 40:967 B(4)(b), which provides that the *1084 sentence for conviction for possession with the intent to distribute cocaine is two to thirty years at hard labor, the first two years of which must be served without benefit of parole, probation, or suspension of sentence. Thus, the sentence imposed by the court is illegally lenient. However, as per La. R.S. 15:301.1 A and State v. Williams, 00-1725, pp. 10-12 (La.11/28/01), 800 So.2d 790, 798-99, the sentence is deemed to have been imposed with these restrictions of benefits, even when the trial court fails to delineate them. Thus, no need exists for this court to correct the sentence. See State v. Phillips, 03-0304 (La.App. 4 Cir. 7/23/03), 853 So.2d 675.

Assignment of Error

In his sole assignment of error, Banks contends that the trial court erred by denying his motion to suppress the evidence. Specifically, he argues that the drugs were seized from him pursuant to an investigatory stop, and there was no indication that the officer knew that the bulge that she felt in his pants was contraband. Indeed, the officer testified on cross-examination that she was not sure if what she felt was contraband or a weapon. Banks asserts that the officer could not then seize the bulge containing the cocaine because it was not immediately apparent to her that the bulge was contraband, and thus its seizure cannot be justified under the “plain feel” exception to the warrant requirement.
|fiPer La.C.Cr.P. art. 703 D the state had the burden of showing any evidence seized in the absence of a warrant was lawfully seized. State v. Brown, 09-0722, p. 8 (La.App. 4 Cir. 2/10/10), 32 So.3d 939, 945; see also State v. Wells, 08-2262 (La.7/6/10), 45 So.3d 577. It is well-settled that an appellate court should review a trial court ruling under a deferential standard with regard to factual determinations, while legal findings are subject to a de novo standard of review. See State v. Hunt, 09-1589, p. 6 (La.12/1/09), 25 So.3d 746, 751. Moreover, a trial court’s decision relative to the suppression of evidence is afforded great weight and will not be set aside unless there is an abuse of that discretion. Wells, p. 5, 45 So.3d at 581.
Banks does not argue that the stop was illegal. Indeed, once Officer Monteleone saw that the truck did not have a brake tag and that Banks was not wearing a seat belt, she was justified in conducting a traffic stop and could detain Banks pursuant to the observed traffic violations. Banks also does not argue that the officer could not frisk him. Given the fact that he hid his hands as the officer approached his truck, moved his shoulders up and down as if he were trying to hide or reach for something, and failed to heed her repeated orders to show his hands, the officer was reasonably justified in believing that Banks may have been armed when she ordered him out of the truck. Moreover, he admitted that he did not have any identification, and his fly remained open. See State v. Jones, 99-0861 (La.App. 4 Cir. 6/21/00), 769 So.2d 28; State v. Lazard, 08-0677 (La.App. 4 Cir. 12/10/08), 2 So.3d 492; State v. Smiley, 99-0065 (La.App. 4 Cir. 3/3/99), 729 So.2d 743; State v. Denis, 96-0956 (La.App. 4 Cir. 3/19/97), 691 So.2d 1295.
Banks argues, however, that the cocaine could not have been lawfully seized pursuant to the “plain feel” exception to the warrant requirement because Officer | BMonteleone testified that she did not know what the bulge was in his pants. As noted in Jones:
If in the course of a frisk pursuant to La.C.Cr.P. art. 215.1(B) an officer feels an object whose contour or mass makes its identity as contraband immediately apparent, the officer may seize it under *1085 the “plain feel” exception to the warrant requirement. Fortier, [99-0244 (La.App. 4 Cir. 1/26/00), 756 So.2d 455], citing Minnesota v. Dickerson, 508 U.S. 366, 377, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993) and this court’s decision in State v. Anderson, 96-0810 (La.App. 4 Cir. 5/21/97), 696 So.2d 105; State v. Williams, 98-3059, pp. 6-7 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 145-146.
State v. Jones, p. 14, 769 So.2d at 39. See also State v. Broussard, 00-3230 (La.5/24/02), 816 So.2d 1284; State v. Bradley, 03-1518 (La.App. 4 Cir. 1/28/04), 867 So.2d 31. This court discussed the “immediately apparent” prong of this exception in Denis, at pp. 8-9, 691 So.2d at 1300:
However, just as the “plain view” doctrine requires that an object’s incriminating character be immediately obvious when seen, the “plain feel” doctrine requires the tactile discovery of “an object whose contour or mass makes its identity immediately apparent.” Dickerson at 375, 113 S.Ct. at 2137, 124 L.Ed.2d at 346. Thus, in State v. Parker, 622 So.2d 791 (La.App. 4th Cir.), writ denied, 627 So.2d 660 (1993), the seizure of a matchbox containing cocaine detected during a pat-down search was found not to fall within the “plain feel” exception because there was no evidence that a matchbox’s shape was identifiable as contraband. In contrast, in State v. Stevens, 95-501 (La.App. 5th Cir.3/26/96), 672 So.2d 986, the seizure of drugs in a matchbox detected during a lawful pat-down was upheld because the officer testified that her prior experience indicated that most street-level crack dealers carried their drugs in a matchbox. Similarly, where testimony establishes that an object detected during a pat-down was immediately identifiable as a “crack pipe,” suppression of the cocaine residue contained within the pipe is not required. State v. Lavigne, 95-0204 at p. 9, 675 So.2d at 778; State v. Livings, 95-251, pp. 5-6 (La.App. 3d Cir.11/15/95), 664 So.2d 729, 733, writ denied, 95-2906 (La.2/28/96), 668 So.2d 367.
17Here, Officer Monteleone testified that she did not know what was making the bulge in Banks’ pants, most likely because she did not want to conduct a full frisk on Banks, who is of the opposite sex. For this reason she called for backup and had Officer Bissell frisk Banks. Officer Bissell did not testify at the hearing, and it is unknown if it was “immediately apparent” to him that the bulge contained cocaine. Thus, Banks is correct in his assertion that the state failed to prove that the cocaine was lawfully seized pursuant to the “plain feel” exception to the warrant requirement.
However, a separate basis exists for the seizure of the cocaine. Once Banks admitted that he did not have any identification with him, he thusly admitted that he was driving the truck without a license. At that point, Officer Monteleone had probable cause to arrest him for driving without a license. See State v. Parker, 06-0053 (La.6/16/06), 931 So.2d 353; State v. Mathieu, 07-1579 (La.App. 4 Cir. 6/25/08), 988 So.2d 803; State v. Dowell, 03-1143 (La.App. 4 Cir. 9/24/03), 857 So.2d 1098. Incidental to an arrest, an officer may search an arrestee and seize any evidence in his possession. See Id. Because Officer Monteleone had probable cause to arrest Banks, she could search him incidental- to this arrest and find the cocaine, as well as the money. Therefore, no basis existed for the trial court to suppress the evidence. Banks’ claim has no merit.

Conclusion

Although the state did not show that the evidence seized from Banks fell within the *1086 “plain feel” exception to the warrant requirement, it was admissible because Officer Monteleone had probable cause to arrest the appellant once he ^admitted that he was driving his truck without carrying a valid license. Pursuant to an arrest for this violation, she could search him and seize the cocaine. The trial court did not err by denying the appellant’s motion to suppress the evidence.
Accordingly, we affirm Banks’ plea of guilty plea and his sentence.
AFFIRMED.