| Judge MICHAEL E. KIRBY.

STATEMENT OF CASE

Defendant Tremaine Heim[1] was charged by bill of information on September 10, 2001, with possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A)(2) and being a felon with a firearm in violation of La. R.S. 14:95.1. On May 7, 2002, the defendant was tried on the possession count only, and a twelve-person jury found the defendant guilty as charged. On July 22, 2002, the defendant was sentenced to twenty years at hard labor in the DOC. On that same date, the state filed a multiple bill. On September 11, 2002, the defendant pled guilty to the multiple bill. The trial court vacated its previous sentence and resen-tenced the defendant to twenty years in the DOC with credit for time served as a third offender. On February 18, 2003, the trial court granted the defendant’s motion for an out of time appeal. The state dismissed the firearm count on April 17, 2003.
1 STATEMENT OF FACTS
Detective Eugene Landry, of the New Orleans Police Department Seventh District Narcotics Unit, testified he received information from a confidential informant that a person by the name of Tremaine was selling marijuana from 21 North Oak-ridge Court in New Orleans. The informant also told the detective that Tremaine used an older model blue Oldsmobile Cutlass to transport the marijuana. Upon receiving this information, Detective Landry informed other members of the Sev *337 enth District Narcotics Unit, who conducted surveillance of the defendant.
Detective Derek Burke, of the Seventh District Narcotics Unit, testified that on July 18, 2001, he and his partner, Detective Kyra Godchaux, conducted surveillance on 21 North Oakridge Court. The detectives observed the defendant exit the residence carrying a yellow plastic bag and enter an old blue Oldsmobile. The officers followed the defendant to the 7800 block of Dorsett Drive where the defendant parked his vehicle. Upon exiting his vehicle the defendant crossed the street and approached a group of men gathered near a tree. After a few minutes of conversation, the defendant and two of the men near the tree walked to the defendant’s vehicle. The detectives observed the defendant sit in his vehicle, retrieve the yellow bag from the passenger side of the vehicle, and hand the two men several small objects. The defendant and the men returned to the area near the tree. After approximately five minutes, one of the men nearest the tree removed a board and retrieved a sawed-off shotgun. The detective radioed for the take-down officers to conduct an investigatory stop of the defendant and the men near the tree. One of the men attempted to flee and was apprehended on the scene. Detective Burke radioed to the officers on the scene the model of the defendant’s vehicle and its location.
| ¡¡Detective Jake Schnapp, of the Seventh District Narcotics Unit, testified that he was part of the take-down team on July 18, 2001, in the 7800 block of Dorsett Drive. After receiving Detective Burke’s radio communication about the location of the defendant’s vehicle, Detective Schnapp recovered the yellow bag underneath the seat, which contained seventeen small bags of marijuana, and a fully loaded Taurus .38 special handgun. Detective Schnapp radioed Detective David Slico, who placed the defendant under arrest.

ERRORS PATENT

A review of the record revealed two errors patent.
First, it appears the trial court sentenced the defendant on July 22, 2002, without the defendant being present.
La.C.Cr.P. art. 835 provides:
In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.
Based on the above article, therefore, the defendant’s sentence is hereby vacated and the case remanded for resentencing.
Secondly, it appears the trial court failed to impose the defendant’s sentence for possession of marijuana with the intent to distribute without the benefit of probation, parole or suspension of sentence. Formerly this court followed State v. Fraser, 484 So.2d 122 (La.1986), which held that a sentencing error favorable to the defendant that is not raised by the state on appeal may not be corrected. However, the legislature later enacted La. R.S. 15:301.1, which addresses those | ¿Instances where sentences contain statutory restrictions on parole, probation or suspension of sentence. Paragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are included in the sentence given, regardless of whether or not they are imposed by the sentencing court. Furthermore, in State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, the Louisiana Supreme Court ruled that paragraph A of the statute self-activates-the corree *338 tion and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. Hence, this Court need take no action to correct the trial court’s failure to specify that the defendant’s sentence be served without benefit of parole, probation or suspension of sentence. The correction is statutorily effected. (La. R.S. 15:301.1 A).

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
The defendant complains the district court committed reversible error when it failed to suppress the evidence seized as a result of an illegal search of the defendant’s vehicle. Specifically, the defendant contends the investigating officers lacked the probable cause needed for a warrantless search of his vehicle.
The trial court is vested with great discretion when ruling on a motion to suppress. State v. Oliver, 99-1585 p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914. La.C.Cr.P. art. 215.1 provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, | shas committed, or is about to commit an offense and demand of him his name, address, and an explanation of his actions.
This court in State v. Anderson, 96-0810, p. 2 (La.App. 4 Cir. 5/21/97), 696 So.2d 105, 106, noted:
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual’s right to be free from governmental interference. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct.
(Citations omitted)
In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Short, 96-1069, p. 4 (La.App. 4 Cir. 5/7/97), 694 So .2d 549, 552.
When a law enforcement officer has probable cause to believe that a person has committed a crime, he may place that person under arrest. Incident to such lawful arrest, the officer may lawfully conduct a full search of the arrestee and the area within his immediate control for weapons and for evidence of a crime. State v. Morgan, 445 So.2d 50, 51 (La.App. 4 Cir.1984).
In State v. Morales, 583 So.2d 129 (La.App. 4 Cir.1991), this court found that a tip from an anonymous informant was sufficient to create reasonable | (¡suspicion to stop the defendant when the information from the tip was corroborated by independent police work.
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable under the Fourth Amendment, subject only *339 to a few specifically and well delineated exceptions. State v. Spencer, 374 So.2d 1195 (La.1979). The automobile exception was established due to the mobility of automobiles. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The exception was then extended to packages located within the vehicle. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). To apply this exception the officers had to have probable cause to believe drugs were in the vehicle.
In the instant case, Detectives Burke and Godchaux observed the defendant exit the address provided by the confidential informant, carrying a bag, and enter a vehicle fitting the description in the informant’s information. After following defendant to a different location the detectives observed him approach his vehicle accompanied by two males. The defendant entered his vehicle, retrieved something from the bag placed in the vehicle, and gave the two males several small objects. Shortly after the above exchange a male on the scene produced a sawed-off shotgun. The defendant and the other males on the scene were then detained. The retrieval of something from the yellow bag in the car and the hand-to-hand exchange observed by the detectives coupled with the information provided by the confidential informant gave the officers probable cause to believe the defendant’s car contained marijuana. The automobile exception allowed the officers access to the defendant’s vehicle and the authority to search it and seize the marijuana. Therefore, this assignment of error is without merit.
| ^ASSIGNMENT OF ERROR NUMBER 2
The defendant complains the trial judge’s failure to give his proposed jury charge as to the applicable law on the Fourth Amendment prejudiced his right to a fair trial.
La.C.Cr.P. art. 807 provides:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
The defendant’s proposed jury instruction addressed probable cause and the legality of the seizure of evidence from the defendant’s vehicle. The determination of probable cause is not a matter for the jury, but for the trial judge at the motion to suppress hearing. The defendant argues that the proposed charge is analogous to the charge given regarding confessions. Once a trial court has determined that a confession is admissible, the defense is still allowed to submit evidence to the jury surrounding how the confession was obtained. This allows the jury as the trier of fact to determine what effect or weight is to be given that evidence. The determination of the admissibility of evidence is solely the court’s prerogative; the jury’s sole function is to determine the sufficiency of evidence, including any evidence the court deems admissible.
The defendant quotes La.C.Cr.P. art. 807 further arguing that a special charge shall be given if “it is wholly correct and pertinent.” The article makes the | ¡¡instruction mandatory only after the trial judge, at his or her discretion, has found *340 the instruction to be correct and pertinent. Here the proposed instruction concerns a matter not within the province of the jury, and the trial court properly refused to read it to the jury. The defendant has cited no case law on point that makes the circumstances of the instant case analogous to the admissibility of a confession. The defendant has failed to provide anything, other than his own assertions, to show how he was prejudiced by the trial court’s refusal of the proposed jury instructions. This assignment of error is without merit.
For the above and foregoing reasons the defendant’s conviction is affirmed. The sentence is vacated and the case remanded for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.
MURRAY, J., concurs with reasons.

. According to the defendant’s appellate brief, the defendant's first name is misspelled throughout the record as Tremaine when the actual spelling of the defendant’s name is Termain.