Judge Edwin A. Lombard
The defendant, Cecilio Romero, appeals his sentence imposed by the trial court on November 18, 2016. After review of the record in light of the applicable law and arguments of the parties, the defendant's sentence is vacated and remanded for resentencing in accordance with La. Code Crim. Proc. art. 835.
Relevant Facts and Procedural History
On July 27, 2006, the State filed a bill of information charging the defendant with attempted armed robbery in violation of La. Rev. Stat.14:(27)64. The defendant entered a conditional guilty plea pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), on May 14, 2007. According to the docket master entry of that date, the trial court sentenced the defendant to ten years at hard labor, "suspended if and when deportation is effectuated." The entry further states that if the defendant returned to the United States, he would be required to surrender to Criminal District Court and serve the ten-year sentence.
On June 11, 2007, for reasons unclear from the record, the defendant appeared before the court for resentencing. At that hearing, the trial court stated "we're here to clear up the sentence of Mr. Romero" and that it had always been the court's intention that the defendant serve a ten year sentence. The trial court went on to say: "However, that sentence was going to be suspended based upon Mr. Romero being *283 deported to his home country of Honduras." The trial court then imposed the following sentence:
...eleven months, credit for time served. However, defendant is to be turned over to Immigration for full deportation hearings to commence for deportation to his home country of Honduras. If the Court finds that the defendant was not deported, defendant to serve nine years. If the defendant returns to United States after being deported, defendant to serve nine years.
The defendant was deported to Honduras in 2008. In 2015, upon discovery that the defendant had returned to the United States, the State filed a motion to make the sentence executory.
On June 30, 2015, the defendant appeared in court in response to the State's motion. The State's motion was granted and, making the 2007 sentence executory, the trial court sentenced the defendant to nine years at hard labor in the Department of Corrections, specifying that the sentence was to run concurrently with any other sentence the defendant was serving, including federal time. The defendant objected and, on May 13, 2016, filed a motion to challenge the correctness of the sentence imposed on him in 2015 making the 2007 sentence executory. The trial court denied his motion.
Pursuant to the defendant's application for supervisory review, this court found the docket master and minute entries of June 11, 2007, silent as to any suspension of the defendant's sentence. The hearing transcript indicated, however, that the trial court suspended nine years of the defendant's ten-year sentence imposed on May 14, 2007, but stated that if the defendant were not deported or returned to the United States after deportation, he would have to serve the nine-year portion of his sentence. This was error. See La. Code Crim. Proc. art. 893(A) (prohibiting suspension of a sentence "for a conviction for a crime of violence as defined in R.S. 14:2(B)"[1] ); La. Rev. Stat. 14:64 & La. Rev. Stat. 14:27 (sentence for attempted armed robbery is to be served without benefit of parole, probation or suspension of sentence . Therefore, because the suspended sentence imposed in 2007 was invalid, it could not be made executory. Accordingly, the trial court judgment denying the defendant's motion to correct an illegal sentence was reversed, the sentence imposed on June 30, 2015, was vacated, and the matter was remanded for resentencing.
At the resentencing hearing on November 18, 2016, the defendant was not present[2] and his presence was not waived by counsel. Nonetheless, the trial court sentenced the defendant to ten-year term of imprisonment at hard labor. This timely appeal follows.[3]
Discussion
On appeal, the defendant argues that the district court erred in resentencing him to ten years at hard labor. This is correct because the defendant was not present at sentencing.
La. Code Crim. Proc. art. 835 clearly states: "In felony cases the defendant shall always be present when sentence is pro nounced *284 .... If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured. " (emphasis added) Thus, it was clear error for the trial court to impose a sentence in a felony case when the defendant was not present for sentencing. State v. Heim, 03-0957, p. 3 (La. App. 4 Cir. 3/10/04), 870 So.2d 335, 337.
Conclusion
The defendant's sentence is vacated and the matter is remanded to the district court for resentencing when the defendant's presence is secured.
SENTENCE VACATED; REMANDED.
LOBRANO, J., CONCURS IN THE RESULT

The offense to which defendant pleaded guilty, attempted armed robbery, is an enumerated crime of violence pursuant to La. Rev.Stat. 14:2(B), subsection (21).

According to a hand-written note on the defendant's notice of intent to seek supervisory writ, defense counsel informed the court that the defendant was in federal custody at the time of the sentencing hearing.

The defendant's initial writ application was dismissed by this court with an order directing the defendant to "seek relief by appeal."